**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **B. JEANIE PURCELL,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:15-CV-00445-ALM-CAN** |
| | § | |
| **TRANSCEND SERVICES, INC.** | § | **MAGISTRATE JUDGE** |
| **Defendant.** | § | **CHRISTINE A. NOWAK** |
| | § | |

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff B. Jeanie Purcell ("Purcell") and Defendant Transcend Services, Inc. ("Transcend") (collectively, "the Parties"), jointly request the Court to approve the Parties' settlement in the above-captioned matter. Because Plaintiffs' action arises under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court. The Parties' executed the Confidential Settlement Agreement and General Release (the "Settlement Agreement"). The Settlement Agreement signed by Plaintiff Purcell is attached as Exhibit A.

## I.    BACKGROUND

This action arose from a decertified putative collective action filed in the Northern District of Illinois, *Cosentino v. Transcend Servs. Inc.*, N.D. Ill. Case No. 1:12-cv-03627. Purcell filed her opt-in notice on June 3, 2013. On September 25,

2014, the Court granted Defendant's Motion for Decertification, causing Purcell's claims in that case to be dismissed.

The claims in the collective action were substantially similar to those raised individually by the Plaintiff in her Complaint, which was filed with this Court on July 1, 2015. (Dkt. #1).  Specifically, Plaintiff alleged that she worked more hours as a medical transcriptionist than she was paid for, resulting in unpaid minimum wage payments.   Transcend answered the Complaint on September 22, 2015, denying the substance of Plaintiff's claims and asserting affirmative defenses.

Actions to recover unpaid minimum wages under the FLSA must generally be brought no more than two years after the cause of action accrues. *See* 29 U.S.C. § 255(a).  The limitations period is extended to three years only if the plaintiff can show that the violation was "willful," or in other words, that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *See* 29 U.S.C. § 255(a).  Applying the three-year statute of limitations (which Transcend has disputed), and accounting for tolling of the statute of limitations period while Plaintiff was a putative opt-in in *Cosentino*, Plaintiff's claims encompass workweeks during the following periods:   November 2010 through December 2012.

Counsel for the Parties have engaged in settlement discussions regarding Plaintiff's claims.  The Parties also exchanged documents and information regarding

Plaintiff's claims and Transcend's defenses, including Plaintiff's computer time records and Transcend's policies, which direct transcriptionists not to work off the clock and contain a reporting mechanism if transcriptionists are asked to do so.  The Parties agreed that discovery regarding Plaintiff obtained in *Cosentino* could be used in this matter.  The Parties ultimately reached resolution of Plaintiff's claims, as memorialized in Exhibit A.

## III.   DISCUSSION

Because Plaintiff's action includes an FLSA claim, a private settlement of this action requires Court approval.  There are two ways in which claims under the FLSA may be settled and released by employees.  First, Section 216(c) of the FLSA allows employees to settle and waive their claims if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. § 216(c); *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) *citing Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1355 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under Section 216(b) of the FLSA, the employee may settle and release an FLSA claim if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement.  *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *see also D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

Before approving a settlement, a district court must scrutinize the settlement to ensure "(1) the settlement involves the resolution of a bona fide dispute over an FLSA provision, and (2) the settlement is fair and reasonable." *Akins v. Worley Catastrophe Response, LLC*, 2014 WL 1456382 (E.D. La. April 14, 2014); *Martin v. Spring Break '83 Productions*, 688 F.3d 247, 255 (5th Cir. 2012). The Fifth Circuit has recognized the following factors in determining whether a settlement is fair, adequate and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel, class representatives, and absent class members. *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983). Moreover, the court may presume that a proposed settlement that results from arm's-length negotiations is fair and reasonable. *Akins*, 2014 WL 1456382 at *2.

Furthermore, the FLSA provides that courts may, in their sound discretion, "award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title." 29 U.S.C. § 260; *see also Patterson v. Acad. Fire Prot., Inc.*, No. 3:13-cv-87-J-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (adopting report and recommendation to approve FLSA settlement agreement providing no liquidated damages in light of parties' dispute regarding whether

plaintiff was entitled to such damages).  This provision applies "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA.  29 U.S.C. § 260; *see also Cusumano v. Maquipan Int'l, Inc.*, 390 F. Supp. 2d 1216, 1222 (M.D. Fla. 2005) ("section 260 provides an employer with a 'good faith' defense to a claim for liquidated damages"); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F. 3d 1259, 1272 (11th Cir. 2008) (explaining that section 260 amended the FLSA to provide "a safe harbor for an employer who can establish that it acted in good faith and under the reasonable belief that it was in compliance with the FLSA").  If the employer cannot prove good faith, the liquidated damages amount shall be equal to the employee's unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b).

The Defendant has asserted the "good faith" defense, among numerous other defenses, in this case.  Thus, reliance upon section 260 would be appropriate. Particularly in light of the numerous disputes in this lawsuit, and the Court's rulings on key legal claims, the Court should approve the Parties' Settlement Agreement because it is both fair and a reasonable compromise of the Plaintiff's disputed claims against the Defendant.

The settlement in this case involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims

against Transcend.  The proposed settlement arises out of an action brought by Plaintiff against her former employer, which was constituted a bona fide dispute over liability.  During the litigation and settlement of this action, the Parties were represented by experienced counsel and reached their agreement after lengthy negotiations.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues.  Plaintiff and her counsel discussed the alleged hours, tenure weeks and pay rate, and formulated their own proposed settlement figures.  Transcend pointed to Plaintiff's time records, the time they had recorded, and the records of their production during the disputed weeks.  Based upon their respective estimates of Plaintiff's underlying claims and the value of their relative strengths and weaknesses, the Parties negotiated a settlement amount of $4,100, separated as follows:

### A.    Plaintiff's Awards and Possible Recovery

Purcell will receive $2,000 for allegedly unpaid compensation and $2,000 in liquidated damages.  The total amount paid to Plaintiff is $4,000.  The Parties believe these amounts reflect a fair and reasonable resolution of this dispute.  In particular, Plaintiff estimated working approximately 40 hours per week during her time at Transcend, causing weekly unpaid minimum wages in the amount of approximately $125.  Discovery revealed Purcell's hours worked and alleged damages during the

relevant time period were substantially lower than initially estimated.  Accordingly, the $4,000 she will receive pursuant to her Settlement Agreement more than likely exceeds the Parties' respective calculations of her damages.

### B.      Attorneys' Fees and Costs

Plaintiff attaches an itemization of her Attorney's Fees as Exhibit B. Plaintiff's counsel effectively began representing Plaintiff when she filed her Opt-in Notice to the original *Transcend* Collective Action. *Cosentino v. Transcend Servs. Inc.*, N.D. Ill. Case No. 1:12-cv-03627.  The Parties conducted extensive discovery in the Collective Action, which consisted of 35 depositions.  The Parties agreed documents obtained through the *Cosentino* litigation could be used in the underlying lawsuit.  Plaintiff's counsel does not include any fees incurred during the collective action period, although some amount of these fees would arguably be recoverable in this action. *See* 29 U.S.C. § 216 (allowing reasonable attorneys' fees to be paid).

Plaintiff's Counsel entered into an agreement with Plaintiff, whereby the firm is entitled to 33 1/3% of the total recovery.  Upon recovery, Plaintiff's counsel is reimbursed for its reasonable out-of-pocket costs incurred to advance and prosecute the litigation.  Plaintiff's counsel incurred the following out-of-pocket costs in prosecuting the litigation, totaling costs in the amount of $575:

Filing Fee: $400
Service of Complaint: $75
*Pro hac vice* fee: for Attorney Kevin Dolley: $100

The case was overseen by Attorney Kevin J. Dolley, who is the Managing Principal of the Law Offices of Kevin J. Dolley, LLC.   Mr. Dolley's practice experience is extensive, and focuses on representation of clients in FLSA collective actions and wage and hour class litigation, overtime and minimum wage, and employment discrimination, among other practice areas.   Beginning in 2012 with the *Cosentino* collective action, Mr. Dolley has diligently pursued wage and hour cases on behalf of former Transcend employees across the country.   Mr. Dolley bills at a rate of $450, which is reasonable rate given his wage and hour specialty and experience.   Senior Associate Attorneys Mark Obermeyer and Laura Spencer Garth, who performed some work on the case, bill at a rate of $175, and Associate Quinton Osborne, bills at a rate of $150 per hour.   Plaintiff's counsel spent a total of 25.00 hours on the case representing the Plaintiff, incurring attorneys' fees in the amount of $3,775.00.   Thus, the total amount of attorneys' fees incurred of $3,775.00 is far above Plaintiff's allocation of $100 in attorneys' fees.

Plaintiff's counsel's attorneys' fees sought are reasonable.   Counsel has extensive litigation background with *Transcend* dating back to 2012, in which counsel uncovered details of how Transcend compensated its employees from 2009 through 2012.   Plaintiff's counsel accepted the case on a contingency fee basis, whereby he took the risk of incurring unpaid legal fees and costs if the litigation was not successful. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (the

Court may look to the contingency nature of the FLSA attorneys' fee and the carrying costs counsel faces).  The reputation, experience, and specialty of Plaintiff's firm in wage and hour cases also supports the reasonableness of the lodestar calculation. *See id.* (in determining a reasonable hourly rate, the Court considers the skill, experience, and reputation of the lawyers involved).  Moreover, Plaintiff's counsel was able to efficiently handle the case by staffing associate attorneys on tasks that were so delegable. *See Silva v. Miller*, 547 F. Supp. 2d 1299, 1306 (S.D. Fla. 2008) *aff'd*, 307 F. App'x 349 (11th Cir. 2009) (unpublished).  Therefore, the lodestar factors support that Plaintiff's attorneys' fees amount is reasonable.

The Parties voluntarily agreed to the terms of their settlement during negotiations. The Parties were advised and represented by counsel throughout the litigation and settlement process.

## III.   CONCLUSION

The Parties jointly and respectfully request this Court approve the Settlement Agreement, and dismiss this action with prejudice.

Dated:      July 14, 2016                    Respectfully submitted,


*/s Kevin J. Dolley*                         *s/Dustin M. Dow*
Kevin J. Dolley, Esq.                        Dustin M. Dow
(*pro hac vice*)                             (*pro hac vice*)
kevin@dolleylaw.com                          **BAKER & HOSTETLER LLP**
LAW OFFICES OF KEVIN J.                      Key Tower
DOLLEY, LLC                                  127 Public Square, Suite 2000
2726 S. Brentwood Blvd                       Cleveland, Ohio 44114
St. Louis, MO 63144                          Telephone:  (216) 621-0200
(314) 645-4100 – Telephone                   Facsimile:  (216) 696-0740
(314)736-8216 - Facsimile                    ddow@bakerlaw.com

Attorney for Plaintiff                       Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on July 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

         /s/ *Kevin J. Dolley*

         Kevin J. Dolley